```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW HAMPSHIRE
```

<u>Matthew Robert Gangi</u>

    v.                                          Civil No. 14-cv-285-JL

<u>Eugene Robinson et al.</u>


<u>Matthew Robert Gangi</u>

    v.                                          Civil No. 14-cv-287-LM

<u>Tracy Warren et al.</u>


<u>Matthew Robert Gangi</u>

    v.                                          Civil NO. 14-cv-300-JD

<u>Tracy Warren et al.</u>


## <u>REPORT AND RECOMMENDATION</u>

Matthew Robert Gangi filed several cases in the New Hampshire Superior Court. Three of those actions, captioned above, have been removed to this Court by Defendants. On August 4, 2014, the Court issued an Order in each of the cases in this Court proposing that they be consolidated into a single case for all purposes pretrial.

In addition to the pending consolidation issue, the following motions are before the Court in these cases:

1.   Gangi's "Motion of Objection to Notice of Removal and Request for Trial Jury on Triable Issues" which is construed as a motion to remand two of the above-captioned cases to state court (Doc. No. 6 in 14-cv-285-JL; Doc. No. 10 in 14-cv-297-LM);

2.   Gangi's motions to dismiss all three of the above-captioned cases (Doc. No. 9 in 14-cv-285-JL; Doc. No. 11 in 14-cv-287-LM; Doc. No. 9 in 14-cv-300-JD); and

3.   Defendants' "Motion for Extension of Time to Respond to Court's Proposed Consolidation order for Ten Days Following Ruling on Plaintiff's Motion to Dismiss His Complaint" (Doc. No. 10 in 14-cv-285-JL).

## DISCUSSION

### I.  Gangi's Motions to Dismiss

In the motions to dismiss filed in each of the three cases removed to this Court, Gangi seeks dismissal, stating, "Plaintiff believes it would be wrong to continue arguing all four lawsuits before your Honorable Court.  It just wouldn't be fair to all Defendants, and to this Honorable Court."  Further, Gangi asserts in his motions that he has conducted additional legal research concerning his claims and feels that his claims "do not rise to the level where Plaintiff would receive a favorable jury verdict" due to "immunity laws."

Federal Rule of Civil Procedure 41(a)(2) allows the Court to grant Plaintiff's motion for voluntary dismissal "on terms

that the court considers proper." In light of Gangi's representation regarding the reason he seeks voluntary dismissal, the District Judge should grant Gangi's motions to voluntarily dismiss these actions with prejudice.

## II. Other Pending Motions

If the District Judge adopts this Court's recommendation to grant Gangi's motions for voluntary dismissal of these actions, all of the other pending motions in this case should be denied as moot. Further, the cases, if dismissed, need not be consolidated.

## CONCLUSION

For the foregoing reasons, the Court recommends that the District Judges presiding over the above-captioned cases issue the following Order in their respective cases:

> Gangi's motion to voluntarily dismiss this action with prejudice is GRANTED. Further, the Court denies all other pending motions as moot. Because the case is dismissed, it need not be consolidated with Gangi's other cases pending in this Court, as proposed by the Magistrate Judge on August 4, 2014.

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the

specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

                                        Andrea K. Johnstone
                                        United States Magistrate Judge

September 15, 2014

cc: Matthew Robert Gangi, pro se
    Corey M. Belobrow, Esq.
    Robert J. Rabuck, Esq.

4